# UNITED STATES BANKRUPTCY COURT
## Western District of Wisconsin

*In re:*                                                    Case no. 00-0000.
    JEFFERY DAVID SCHROEDER and
    MARY ANN SCHROEDER
    Last 4 digits of Debtor SSN: 8442
    Last 4 digits of Spouse SSN: 8281
Debtor address:
N9299 State Road 25
Colfax, WI 54730
                            Debtors

## NOTICE AND CHAPTER 13 PLAN

### NOTICE

PLEASE TAKE NOTICE: Mary & Jeffrey Schroeder (collectively hereinafter "Debtor"), by Freund Law Office, has filed the following Plan in the captioned case.

**Your rights may be affected by this plan.** **You should read the Plan carefully and discuss it with your attorney, if you have one in this case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to confirm the Plan or if you want the Court to consider your views on the Plan then, prior to the conclusion of the creditor meeting set in the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines," you or your attorney must file an original written "Objection to Plan and Request for Hearing" with the Court at:

Clerk of Court
500 S. Barstow St.
Eau Claire, WI 54701

The Objection must *specifically* state the basis for the Objection. If you mail your Objection and Request to the Court for filing, you must do so early enough so the Court will **receive** it on or before the conclusion of the creditor meeting.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Plan and may enter an order confirming it, thereby granting the relief requested therein. 11 U.S.C. §102(1)(B).

### PLAN

Debtor proposes the following Chapter 13 Plan:

### - ARTICLE ONE: Payment To The Trustee -

1.1 Debtor submits all future income necessary for the execution of this Plan to the supervision and control of the Trustee, to wit: **$600 per month**, continuing until **a total of $36,000** has been paid (**60 payments**) or until all allowed claims are paid in full, whichever is sooner. **Payments should be deducted from the Jeffrey's Advanced Livestock paycheck.**

### - ARTICLE TWO: Payment By The Trustee -

The Trustee shall make monthly payments from funds available for distribution as follows:

2.1   <u>Trustee.</u> The Trustee shall first deduct the percentage fee fixed by the Court or the United States Trustee.

2.2   <u>Debtor Counsel.</u> Debtor counsel shall then be paid until a total of **$2,750** plus any future allowed amounts have been paid. Notwithstanding any other provision of this Plan, Debtor counsel fees and costs that are not allowed or paid during this case are not provided for in this plan and, without further notice, disclosure, hearing, or order of the court, will not be subject to any discharge entered in this case.

2.3   <u>Secured Claims.</u> Allowed secured claims listed below (and any other unavoidable secured claims which are not otherwise provided for in this plan) shall then be paid in monthly installments, **plus the lesser** of **the contract rate** or **5% simple interest** per annum (unless a special rate is shown).

| Creditor | Collateral | **Estimated** Secured Claim Amount (w/out interest) | Special Interest Rate |
|---|---|---|---|
| **Fifth Third Bank** | Chrevrolet | 16,500 | |
| **Freedom Finanical** | ATV | 9,250 | |

2.4   <u>Arrearage Claims.</u> After payment of the claims set forth in § 2.3 above then default amounts on allowed secured claims listed below (and any other unavoidable secured homestead mortgage arrearage claims which are not otherwise provided for in this plan) shall be paid in monthly installments, **without interest**.

| Creditor | Collateral | **Estimated** Arrearage Amount |
|---|---|---|
| **none** | | |

Holders and servicers of §§ 2.4 & 2.5 claims shall:
(a) apply funds received from the Trustee for arrearage and default amounts to the arrearages and defaults and not for any other purpose, and
(b) upon confirmation of this plan if (and for so long as) debtor is current on post-petition trustee and direct payments, deem pre-petition arrearages as current and default amounts as cured; and not report post-petition a delinquency arising from any pre-petition default.

2.5 Long Term Claims.
  a. Regular monthly principal and interest payment amounts on the following claims on which the last payment is due after the date on which the final payment under the plan is due shall then be paid as follows:

| Creditor | Estimated Monthly Payment |
|---|---|
| **none** | |

  b. Default amounts on allowed such claims shall then be paid in full as listed below:

| Creditor | **Estimated** Default Amount |
|---|---|
| **none** | |

Provisions in §2.4 shall apply to § 2.5 creditors as provided in §2.4.

2.6 Section 507(a)(1) Claims. The remaining allowed claims of unsecured creditors entitled to priority under 11 U.S.C. § 507(a)(l) shall then be paid from the balance, pro rata.

2.7 Priority Claims. The remaining allowed claims of unsecured creditors entitled to priority under 11 U.S.C. § 507, including any claim which exceeds amounts paid under § 2.3, shall then be paid (with interest if provided below), pro rata, from the balance. The currently known priority creditors are:

| Creditor | **Estimated** Priority Claim Amount | Special Interest Rate |
|---|---|---|
| **none** | | |

Any portion of a claim falling within this payment section arising from a tax required to be collected or withheld shall be satisfied first from the payments made by the Trustee. Payments under this plan shall be applied first to the principal tax debt and then to any accrued interest or penalties. Taxing authorities may not, on account of pre-petition obligations, freeze or otherwise withhold refunds due Debtor after confirmation of this Plan. Taxing authorities may assess voluntarily filed tax returns and agreed adjustments after confirmation of the Plan. **A discharge in this case shall apply to any part of a claim falling under this section and not paid by the trustee.**

2.8 Co-debtor Debts. The following allowed claims for which an individual other than the Debtor is (a) also liable and (b) protected under 11 U.S.C. § 1301 shall then be paid pro rata from available funds, if any.

| Creditor | **Estimated** Co-Debtor Claim Amount |
|---|---|
| **none** | |

2.9 Other Allowed Unsecured Claims. The timely filed and allowed claims of other pre-petition unsecured creditors, including creditors holding unsecured deficiency claims, shall then be paid pro rata from available funds, if any.

2.10 Post-Petition Claims. An 11 U.S.C. § 1305 claim shall not be payable under this plan unless the debtor files an "Election to Include." If the debtor does so elect then the claim shall be classified and paid as if such claim had arisen before the filing date of the petition in this case.

- ARTICLE THREE: Payment By Debtor -

3.1   The Debtor will directly pay the regular contract payments, including (if applicable) tax and insurance escrow payments, due on account of the following claims: **Hiawatha NB** and **Gaylord Johnson** However, if Debtor is unable to continue regular payments on an Article Three claim during the term of this Plan and collateral is liquidated as a result then any resulting deficiency claim shall be paid, and is provided for, under § 2.10 above.

3.2   The order confirming this plan shall be (a) a grant of relief from stay and authority for Article Three creditors and Debtor to negotiate regarding loan modification and (b) approval for the parties to execute any agreement that results from such negotiations.

- ARTICLE FOUR: No Payment / Adjusted Payment / Lien Avoidance -

4.1   Claims That Are Not Allowed, Etc. (No Payment). Except as otherwise set forth in this Plan, the following provision is made for claims which (a) are not filed, (b) are filed after the time set in Bankruptcy Rule 3002 or this plan, (c) are not allowed or (d) are disallowed:  No payment.

4.2   Lien Avoidance and Payment As General Unsecured. Any lien of the following creditors is avoided by this Plan and shall, effective upon the granting of a discharge, have no legal effect. Accordingly, creditors holding claims secured by avoidable liens **shall be paid as general unsecured claimants**. The following creditors are included in this category:

| Creditor | Lien To Be Avoided By Plan Confirmation |
|---|---|
| **none** | |

4.3   Collateral Subject To Relief From Stay (No Payment). Regardless of whether the following claimants file a proof of claim, the Trustee will not pay them under the plan to the extent they are secured (creditors holding claims subject to the "hanging paragraph" of 11 U.S.C. § 1325(a) are fully secured). These creditors are not subject to lien avoidance. Confirmation of the plan shall act as a grant of relief from stay to these creditors to permit a recovery of the listed collateral as allowed by non-bankruptcy law.

| Creditor | Collateral Subject to Stay Relief |
|---|---|
| **none** | |

- ARTICLE FIVE: Other Provisions -

5.1   Executory Contracts. The contract between Debtor and Debtor counsel is assumed and affirmed by Debtor and the Trustee. Any other executory contract of the Debtor entered into prior to the commencement of this Chapter 13 case and not expressly rejected or disaffirmed prior to confirmation of this Plan shall be deemed assumed and affirmed by the Debtor and the Trustee if, at the time of confirmation or any time thereafter, the Debtor is not in default under the contract. So long as the Debtor is not in default, such contracts shall not be otherwise dealt with or provided for by this Plan.

5.2   Liens; Vesting. Except those secured claims provided for in § 2.4 (homestead cure) and Article Three (direct pay), the lien of a creditor slated for payment in this plan shall be extinguished upon

completion of payment of the entire allowed secured portion of that creditor's claim. With the exception of (a) the collateral of (i) such creditors or (ii) any creditor that has been granted relief from the § 362 stay, or (b) as otherwise explicitly provided in this Plan: Upon confirmation of this plan estate assets shall vest in Debtor free and clear of all liens and claims, including any claim for setoff or recoupment against Debtor or the estate.

5.3  Lien releases; Credit report communication. When a secured creditor's lien has become unenforceable, satisfied, or extinguished as provided in this Plan then the creditor shall forthwith provide a lien release to the Debtor. Should the creditor fail to seasonably issue a release then the Debtor may enforce creditor's compliance with this provision by seeking, on seven days' notice, an Order confirming the lien release.  Upon discharge creditors who have reported a Debtor obligation to a credit reporting agency shall update their reports to show a discharged debt as discharged with a balance of $0.

5.4  Sale or Surrender of Collateral. Debtor may sell all or any part of a creditor's collateral free and clear of liens without the creditor's consent provided the sale (i) is for the fair market value and (ii) does not impair the fair market value of any remaining collateral. Creditors' liens shall attach to the net proceeds of any such sale, and Debtor may use the proceeds to purchase replacement collateral. Debtor may surrender collateral to a creditor in full satisfaction of the creditor's secured claim. Upon surrender the payment to the trustee shall be reduced in the remaining amount that the trustee would otherwise have paid over to the creditor on account of that claim.

5.5  Enforcement. The adverse party shall pay any costs, including actual attorney fees, incurred by Debtor in the course of enforcing compliance by such party with this Plan.

5.6  Survival of lien avoidance & claim objection. Regardless of any other provision of this Plan the Debtor or the Trustee may object to any claim or seek to avoid any lien at any time.

5.7  Survival of causes of action; undisclosed assets. Confirmation of the Plan shall not limit the right of the Debtor or the Trustee to object to claims (including claims filed pre-confirmation), to bring actions under 11 U.S.C. §§ 506, 544, 545, 547, 548 or 553, or to prosecute or assert any pre-confirmation causes of action or rights. Except as provided below, such recovery shall not affect the amount to be paid to the Trustee by the Debtor. The information provided during this case regarding Debtor assets and possible causes of action is as accurate and complete as possible. In the event the Debtor becomes aware of and realizes on an asset that is not disclosed prior to confirmation, any non-exempt net recovery (after payment of, for example, attorney fees and capital gains taxes) relating to such asset shall be an additional amount to be paid to the Trustee under this Plan.

5.8  Representations. Debtor represents that (a) this case was filed in good faith, (b) this Plan is proposed in good faith and not by any means forbidden by law and (c) the Debtor will be able to make all payments under the Plan and comply with the Plan.

5.9  Interest accrual; Adequate protection. Except as provided in this plan, **interest, penalties, and other charges shall cease to accrue on pre-petition claims** regardless of whether those claims are dischargeable. When allowed, interest on claims shall accrue from the plan confirmation date and be based on a 365 day year. Payment to the Trustee shall constitute payment to Creditors for the purpose of calculating any interest. Payments made to the Trustee prior to confirmation shall serve as adequate protection payments to secured creditors.

   5.10 <u>Adjustments.</u> In the event the payments provided for in Article One are not sufficient to support payment of allowed claims under §§ 2.1 – 2.7 then the payment period and total amount in Article One shall, without further notice or hearing, be automatically extended to the minimum number of months required to re-establish the feasibility of the plan. In no case, however, shall the plan payment period extend beyond 60 months.

   Dated June ._____3_____., 2016.


<u>Attorney for Debtor</u>          _/s/_____
Freund Law Office          Jeffrey David Schroeder, Debtor
920 So. Farwell St., Ste. 1800
P.O. Box 222
Eau Claire WI 54702-0222        _/s/_____
715/832-5151            Mary Ann Schroeder, Debtor